**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DONG WANG,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br><br>  Respondent - Appellee. | No. 13-73329<br><br>Agency No. A088-125-345<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 2, 2016
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,** Senior District Judge.

Petitioner Dong Wang seeks review of the final order of the Board of

Immigration Appeals ("Board"), dismissing the appeal of the decision of the

Immigration Judge ("IJ") to deny Wang's applications for asylum and withholding

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **  The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

- 1 -

of removal. Wang argues that the Board erred in accepting the IJ's conclusion that Wang failed to establish past persecution or an objectively well-founded fear of future persecution to support a claims for asylum and withholding of removal. Applying the substantial evidence test and affording great deference to decisions made by the IJ and the Board, we deny Wang's petition.

Wang, a native and citizen of China, entered the United States in January 2007, on a nonimmigrant student visitor visa. Wang applied for asylum in July 2007 and ended his studies shortly thereafter. The Department of Homeland Security initiated removal proceedings and served Wang with a Notice to Appear in August 2007, charging him with being removable as an alien admitted to the United States who failed to maintain or comply with the conditions of his nonimmigrant status pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(C)(i).

In December 2007, Wang admitted to those factual allegations, but sought asylum and withholding of removal.[1] In his application for relief, Wang claimed he suffered past persecution on account of a protected ground. In particular, he claimed that he witnessed government officials seize his mother for a forced abortion and that he was arrested and expelled from school for attending a

---

[1]     Wang also sought relief under the regulations implementing the Convention Against Torture, which was denied by the IJ; however, Wang did not challenge that decision in his appeal.

Christian house church. He also claimed he has a well-founded fear of future persecution if he returns to China. To support his claims, Wang testified on his own behalf and supplied corroborative evidence.

The IJ denied Wang's applications in August 2012 and the Board dismissed Wang's appeal. The Board concluded that Wang could not establish past persecution. Specifically, the Board concluded that Wang's claim that he was arrested and expelled was precluded from consideration by an adverse credibility determination based on several inexplicable inconsistencies between Wang's testimony and his application materials, including Wang's changing response as to whether he attended high school and the time of day the police raid occurred. The Board further found that Wang's corroborative evidence could not rehabilitate his credibility and that Wang's mother's forced abortion did not rise to the level of past persecution. Finally, after assuming arguendo that Wang's fear of future persecution was subjectively genuine, the Board determined that it was not objectively reasonable due to country reports indicating a large number of practicing Christians in China. The IJ and the Board thus concluded that Wang did not meet the burden of proof for asylum nor did he satisfy the more stringent standard for withholding of removal.

Applying the deferential substantial evidence test, we likewise deny Wang's petition as the Board's decision was "supported by reasonable, substantial and

probative evidence on the record considered as a whole." *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Further, the Board's decision is consistent with existing case law, and Wang has not "show[n] that the evidence *compels* the conclusion that the . . . decision was incorrect." *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006) (citing *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000)) (emphasis in original).

In light of "the broad permissible standards that may warrant an adverse credibility determination" under the REAL ID Act – we afford "ample deference to the responsible agency, which has specialized expertise and the opportunity to observe the testimony." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Mindful of such deference, we hold that the credibility determination was properly based on "the totality of the circumstances"; including the lack of "consistency between [Wang's] written and oral statements" as well as Wang's "demeanor" and "responsiveness" explaining those discrepancies. 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C).

Further, though the child of a person forced to abort a pregnancy may establish an asylum claim, Wang did not demonstrate that he suffered "hardships on account of a protected ground . . . ris[ing] to the level of persecution." *Zhang v. Gonzales*, 408 F.3d 1239, 1246 (9th Cir. 2005). Unlike the petitioner in *Zhang*, Wang did not demonstrate economic hardship, denial of access to education,

emotional distress, or any other adversity from his mother's forced abortion. *See id.* at 1246-49.

Finally, the Board's determination that Wang did not have an objectively reasonable fear of future persecution was supported by substantial evidence in the record. *See Wakkary v. Holder*, 558 F.3d 1049, 1062 (9th Cir. 2009). Specifically, the record reflects that there are many practicing Christians in China and that the government does not generally interfere with worship at sanctioned Christian churches.

**DENIED.**